The first case for argument is United States v. James R. Johnson. Counsel, you may begin. Good morning, Your Honors. My name is Mark Mestel. I represent Mr. Johnson, who was the defendant below in the appellant hearing. Mr. Johnson is back before this Court, having successfully won his sentencing appeal approximately more than a year ago. The issue before the Court at that time was whether Judge Tanner correctly interpreted the burden and standard of proof for a safety valve sentence. Judge Tanner adopted the pre-sentence report recommendation that the gun enhancement precluded him from finding Mr. Johnson eligible for the safety valve. Based on United States v. Nelson, this Court reversed and remanded. We went back to a second sentencing hearing in January. At that time, we submitted affidavits from a number of friends and family members of Mr. Johnson, all of whom attested to the fact that he had a lifelong history of using and collecting guns and was an avid hunter. Mr. Johnson also testified before Judge Tanner. Judge Tanner eventually refused to find Mr. Johnson to be safety valve eligible and sentenced him to the mandatory minimum sentence of 60 months. Mr. Johnson has now served 34 months of his 60-month sentence. Had he been found safety valve eligible, he would have been released and placed on supervised release. The issue before the Court is whether Judge Tanner used the correct standard at the second sentencing hearing. We believe that he did not, and once again used the clearly improbable standard, rather than whether Mr. Johnson established by a preponderance of the evidence that the guns … What part of the transcript do you rely on? Your Honor, beginning … The statement by Judge Tanner that indicates that he applied the incorrect standard. When Judge Tanner, on page 28, Your Honor, at line 16 … The way the Court understands it, the way it came back from the circuit, the question is whether or not that the defendant established by a preponderance of evidence that it is clearly improbable that those weapons had something to do with the grove. Yes, Your Honor. He throws in that improbable stuff again. He does. Until that point, he was tracking perfectly well, wasn't he? Well, that was the beginning, Your Honor. I corrected him at that point. Then he did begin to track well until he concluded on page 37. And on page 37, beginning at line 13, he says, well, the Court finds that the defendant has not, has failed to show by preponderance of the evidence that it's clearly improbable that the guns were possessed in connection with the marijuana. And that is the ultimate finding, right? And that's the only ultimate finding. That is the only ultimate finding. Is there any place else where there was actually a finding? Yes, Your Honor. You want to say anything else, or maybe we should just hear the government and give you an opportunity to respond, because you put your finger right on the problem. I'll defer to the government, Your Honor. Okay. Douglas Wally. I'm Assistant United States Attorney. I've tracked this case from the beginning, handling the plea. As you're undoubtedly aware, at the district court stage, the government recommended no finding that would qualify. We recommend that he be qualified for the safety valve. On the first appeal, it was clear the judge had applied the wrong standard. On the second appeal, it is not clear that he applied the wrong standard. There are actually two references to the wrong standard. But the critical one is the one where he makes the finding. Well, the court finds that the defendant has not, has failed to show by a preponderance of the evidence that it's clearly improbable that the guns were possessed in connection with the marijuana. That's the finding. Your Honor, I don't believe that is the finding. He made his finding. He started out by saying on page 3 of the transcript that the test is a preponderance. Then he misstated it, and it was corrected. No, the claim is that it was preponderance. It was the strange amalgam, a preponderance of the evidence that is clearly improbable. So it's perfectly consistent with his ultimate holding that he was talking in shorthand about preponderance, preponderance as to why. He had this double standard. He said on page 31 that he was convinced that the defendant was using the guns for the crime. He said on page 35 that the evidence shows that the defendant used the guns in the crime. And he said on page 36 that following, he was following the Ninth Circuit instructions and applying the preponderance of evidence standard. Counsel kept arguing for several pages. Finally, the judge did misstate the burden. That was the last thing he said. I don't agree that it was his finding. It was the last thing. Where else did he find a finding, then? On page 31. Connected to a standard. On page 31, he's, well, on page 36, he said he was following the Ninth Circuit's instruction and applying the preponderance of evidence standard. At the top, line 3. But as he ultimately stated it, he thought he was applying the preponderance of evidence standard, but to this clearly improbable thing. If the case is remanded, I, to Judge Tanner, I, having argued the same issue before him twice, he'll reach the same result. If it's remanded to a different court, I don't know what the result will be. The government will, again. It's at least a close question as evidence. It is. On the merits, given the fact that the government took the position at the safety valve. So this is a case where the standard really couldn't matter. It is. The standard does matter. And it's a close question. As I read the, and having been there at court, I believe he applied the right standard factually, but he misstated it. And I agree he misstated it twice, at the beginning and the end of the hearing. But during the hearing, when he was discussing the facts, he said he was convinced that the defendant possessed the gun as part of the crime. And it's the government's view that he does qualify for the safety valve? We still will honor our plea agreement, and I argued below on the factual issue that he did qualify for the safety valve. And I admitted to the court that it was a close issue there. That's all I have. Thank you. Do you have anything to add, counsel? It's pretty clear. I just wanted to ask if the court vacates the sentence and remands that it be remanded to a different judge. Judge Tanner clearly is predisposed to invoke the mandatory minimum. Thank you, Your Honor. Thank you both. The case just argued is ordered and submitted. We'll get you a decision as quickly as we can. United States v. Edgar William Arteaga.
judges: Trott, Paez, Berzon